IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| JAMES WHORTON, JR. <br> *Plaintiff* <br><br> vs. <br><br> ARKANSAS UTILITY PROTECTION SERVICES, INC. and TYLOR RAY DODDS <br> *Defendants* | § § § § § § § § § § §   Civil Action No. _____ |

### PLAINTIFF JAMES WHORTON, JR.'S ORIGINAL COMPLAINT

NOW COMES Plaintiff James Whorton, Jr., complaining of and about Defendants Arkansas Public Utility Protection Services, Inc. ("ARKUPS") and Tylor Ray Dodds and would respectfully show the Honorable Court the following:

### A. PARTIES

1. Plaintiff James Whorton, Jr., an individual, is a resident of Texas.

2. Defendant ARKUPS is a nonprofit corporation incorporated in the state of Arkansas. ARKUPS has its principal place of business at 2120 Maple Ridge Circle, Conway AR 72034 and may be served by serving its agent, Darrell Boggs, at 2120 Maple Ridge Circle, Conway, AR 72034, or wherever he may be found.

3. Defendant Dodds, an individual, is a citizen of Arkansas and may be served with process at 1400 E. 35th St., Apt. 115, Texarkana, Arkansas 71854.

### B. JURISDICTION

4. The Court has diversity jurisdiction over the subject matter of this action pursuant to 28 U.S.C. 1332(a) because there is complete diversity between the named Plaintiff and all named

Defendants and the amount in controversy exceeds $75,000.00, exclusive of interests and costs. *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 84 (2005).

## C. VENUE

5. Venue is proper in this district and division under 28 U.S.C. 1391(b)(2) because a substantial part of the events or omissions giving rise to this claim occurred in this Judicial District.

## D. AGENCY/*RESPONDEAT SUPERIOR*

6. Whenever it is alleged in this Complaint that the Defendant(s) did any act or thing, it is meant that their agents, servants, employees, parent agents, ostensible agents, agents by estoppel and/or representatives did such act or thing, and at the time such act or thing was done it was done with their authorization or was done in the normal routine course of the agency or employment of the Defendant(s).

## E. CONDITIONS PRECEDENT

7. All conditions precedent have been performed or have occurred.

## F. FACTS

8. This lawsuit results from a motor vehicle collision that occurred on October 17, 2017 at approximately 9:50 a.m. At the time of the collision, Plaintiff Whorton, who was operating a 2014 Nissan van, was stopped at a red traffic light facing westbound on New Boston Road at the intersection of New Boston Road and North Kings Highway in Nash, Texas. At the same time, Defendant Dodds, who was operating a 2011 Ford F-150 pickup, was also traveling westbound on New Boston Road toward the intersection of New Boston Road and North Kings Highway. Instead of keeping a lookout of the road in front of him, Defendant Dodds was looking at a computer screen inside of his vehicle. Due to Defendant Dodds' distracted driving and failure to keep a proper lookout, Defendant Dodds' vehicle violently rear-ended the vehicle operated by Plaintiff

Wharton. The collision caused serious personal injuries to Plaintiff Wharton, including shoulder and back injuries.

9. At all times material hereto, Defendant Dodds was employed by Defendant ARKUPS and was acting at said Defendant ARKUPS' direction and for Defendant ARKUPS' benefit.

10. At all times material hereto, Defendant Dodds was in the course and scope of his employment with Defendant ARKUPS.

11. At all times material hereto, Defendant Dodds was engaged in the furtherance of Defendant ARKUPS' business.

12. At all times material hereto, Defendant Dodds was engaged in accomplishing a task for which he was employed by Defendant ARKUPS.

13. At all times material hereto, Defendant Dodds was negligent in the operation of the vehicle owned/leased by Defendant ARKUPS.

### G. PLAINTIFF'S CLAIMS AGAINST DEFENDANT DODDS

14. The occurrence made the basis of this lawsuit and the resulting injuries to Plaintiff Whorton were proximately caused by Defendant Dodds' negligent acts and/or omissions including, but not limited to, one or more of the following:

  a. Failure to control his speed in violation of Texas Transportation Code § 545.351(b)(1)-(2);

  b. Failing to keep an assured clear distance between his vehicle and the vehicles in front of him, in violation of Texas Transportation Code § 545.062(a);

  c. Failing to apply his brakes properly and timely as a person of ordinary prudence would have done under the same or similar circumstances;

  d. Failing to keep such lookout as a person of ordinary prudence would use under the same or similar circumstances;

  e. Failing to take such evasive action as a person exercising ordinary care would have done to avoid the collision;

  f. Failure to pay the degree of attention to the vehicles in front of him as a person of ordinary prudence would have used under the same or similar circumstances;

  g. Driving the vehicle without regard for the safety and welfare of other persons or property; and

  h. Driving the vehicle recklessly with willful or wanton disregard for the safety of persons or property in violation of Texas Transportation Code § 545.401.

15. Each and all of the acts and/or omissions of Defendant Dodds, singularly or in combination with others, constituted negligence, which proximately caused the occurrence made the basis of this action and Plaintiff's injuries and damages. Plaintiff reserves the right to plead more specifically as facts become more fully known in discovery.

## H. GROSS NEGLIGENCE

16. Plaintiff contends that his injuries were the result of Defendant Dodds' (and/or Defendants' agents' employees', and/or representatives') gross negligence, which entitles Plaintiff to exemplary damages under Texas Civil Practice & Remedies Code § 41.003(a). Defendant Dodds chose to operate a motor vehicle while operating/viewing a computer/computer screen. Defendant's conduct, which when viewed objectively from the standpoint of Defendant Dodds at the time of the occurrence, involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others. Defendant Dodds had actual, subjective awareness of the risk involved, but, nevertheless, proceeded with conscious indifference to the rights, safety and welfare of others, including Plaintiff. Accordingly, Defendant Dodds' conduct constitutes gross negligence, for which Plaintiff is entitled to recover exemplary damages.

## I. PLAINTIFF WHORTON'S INJURIES AND DAMAGES

17. As a proximate result of the collision, Plaintiff Whorton sustained serious injuries, including shoulder and back injuries. Plaintiff Whorton believes some of his injuries are permanent in nature and have had a serious effect on his well-being. As a result, Plaintiff seeks to recover the following damages:

   a. Reasonable and necessary medical expenses in the past;

   b. Reasonable and necessary medical expenses that, in reasonable probability, Plaintiff Whorton will incur in the future;

   c. Physical pain in the past;

   d. Physical pain that, in reasonable probability, Plaintiff Whorton will sustain in the future;

   e. Mental anguish in the past;

   f. Mental anguish that, in reasonable probability, Plaintiff Whorton will sustain in the future;

   g. Physical impairment in the past;

   h. Physical impairment that, in reasonable probability, Plaintiff Whorton will sustain in the future;

   i. Loss of earning capacity in the past;

   j. Loss of earning capacity in the future; and

   k. Disfigurement.

18. Plaintiff Whorton seeks fair and reasonable compensation for his damages together with pre-judgment and post-judgment interest at the maximum amount for the maximum period allowed by law.

## J. PRAYER FOR RELIEF

PREMISES CONSIDERED, Plaintiff prays that Defendants be cited to appear and answer and that upon final trial of this cause Plaintiff recover as follows:

    a. Actual damages within the jurisdictional limits of this Court;

    b. Pre-judgment and post-judgment interest as allowed by law;

    c. Exemplary damages;

    d. Costs of Court; and

    e. Plaintiff demands judgment for all other relief to which he is entitled.

Respectfully submitted,

SLOAN HATCHER PERRY RUNGE ROBERTSON & SMITH

_____
CARSON R. RUNGE
State Bar No. 24059262
crunge@sloanfirm.com
BRANDON L. BEAGLEY
State Bar No. 24102824
bbeagley@sloanfirm.com
101 East Whaley Street
P.O. Drawer 2909
Longview, Texas 75606-2909
Telephone: (903) 757-7000
Facsimile: (903) 757-7574

ATTORNEYS FOR PLAINTIFF